UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BIO MANAGEMENT NORTHWEST INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN BIO SERVICES, et al.,<br><br>Defendants. | CASE NO. C21-724-TL-BAT<br><br>**REPORT AND RECOMMENDATION** |

This case presents the question of whether and to what extent plaintiff Bio Management Northwest Inc.'s ("BMNW's") claims for federal trademark infringement and federal unfair competition based on the use of the challenged mark may proceed against defendant American Bio Services ("ABS") once the business relationship and marriage of each company's principals, plaintiff John Stavros and defendant Concetta Cippoletti, have fallen apart.[1] Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, alleging that the federal claims have been mooted by defendants abandoning ABS's trademark application, ceasing to use the mark in question, and rebranding with a new trademark; and under

---

[1] Alongside Mr. Stavros, plaintiff Gordon Wilson is the other owner/shareholder of BMNW. *See* Dkt. 1, at 4; Dkt. 18, at 2 n.2. Mr. Wilson is not, however, implicated in any of the conduct at issue. In July 2021, plaintiffs settled with and voluntarily dismissed from the lawsuit all defendants other than ABS and Ms. Cippoletti. Dkt. 12.

REPORT AND RECOMMENDATION - 1

1  Rule 12(b)(6) for failure to state a plausible claim for relief. Dkt. 15. The Court finds that the
2  federal claims are not moot because a plausible claim for damages remains for the approximate
3  eight-month period between when plaintiffs rescinded consent for defendants' use of the
4  challenged ABS mark and defendants ceased using it. Defendants are, however, correct that the
5  complaint itself fails to indicate that BMNW initially consented to ABS's use of the mark and
6  later withdrew that consent. The Court recommends **DENYING-in part** and **GRANTING in-**
7  **part** defendants' motion to dismiss (**Dkt. 15**): (1) **DENYING** the Federal Rule of Civil
8  Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction; (2) **GRANTING**
9  the Rule 12(b)(6) motion to dismiss the federal claims and **DECLINING** to exercise
10 supplemental jurisdiction over the state-law claims; (3) **GRANTING** plaintiffs leave to file an
11 amended complaint within **fourteen (14) days** of the order adopting this Report and
12 Recommendation that corrects the pleading deficiencies regarding the federal claims and omits
13 the state-law claims; and (5) **ORDERING** the parties to file a joint status report within **twenty-**
14 **one (21) days** of the order adopting this Report and Recommendation.

## BACKGROUND

16  According to the complaint, plaintiff Mr. Stavros and defendant Ms. Cippoletti met one
17 another in January 2018 and were married two weeks later. Dkt. 1, at 4. Ms. Cippoletti began
18 working at Mr. Stavros's company, plaintiff BMNW, in March 2018. *Id.* BMNW is a
19 Washington company that since 2008 has been in the business of cleaning up biohazards, crime
20 scenes, and hazardous waste. *Id.* Around April or May 2019, Mr. Stavros and Ms. Cippoletti
21 agreed jointly to create the defendant company ABS, which would be doing the same work as
22 BMNW but based on the East Coast. *Id.* at 5. Mr. Stavros acted as ABS's president and the ABS
23 articles of organization were filed in Massachusetts in July 2019. *Id.* at 6. Meanwhile, Ms.

REPORT AND RECOMMENDATION - 2

1  Cippoletti worked for BMNW as Chief Financial Officer, Director of Marketing, and Operations
2  Manager. *Id.* BMNW funded the formation and many of the operational costs of ABS, and in her
3  position as BMNW CFO, Ms. Cippoletti allegedly used BMNW funds to pay her family
4  members who were on the payroll of ABS. *Id.* In January 2020, ABS filed for foreign entity
5  registration with the State of Washington, and began using BMNW as a subcontractor. *Id.* at 7.

6  According to the complaint, the relationship between Mr. Stavros and Ms. Cippoletti
7  began to disintegrate in February 2020. *Id.* Mr. Stavros and Ms. Cippoletti had disputes over the
8  BMNW money going to ABS, payments that ABS should have made for BMNW work, and Mr.
9  Stavros's ownership stake in ABS. *Id.* at 7–8. In August 2020, Mr. Stavros severed his ties with
10 ABS and told Ms. Cippoletti that he wanted a divorce. *Id.* at 8. According to responsive briefing
11 for the current motion, Mr. Stavros expressly told Ms. Cippoletti to stop using the ABS logo and
12 to rebrand in early-October 2020. Dkt. 18, at 6 (citing Dkt. 19, at 5 (Stavros Decl.)).

13 The federal claims challenge defendants' use of and application for the design-plus-word
14 trademark AMERICAN BIO SERVICES. Dkt. 1, at 10. According to the complaint, the ABS
15 mark/logo was created by Mr. Stavros and Alex Hoyle and paid for by BMNW. *Id.* The ABS
16 mark, which features a shield overlaid with a biohazard symbol, is similar to the BMNW U.S.
17 Trademark Registration Serial Number 5,925,591 (the '591 registration), which was registered in
18 December 2019. *Id.* at 9–10. Nevertheless, Ms. Cippoletti applied for the ABS design-plus-word
19 trademark in the U.S. Trademark Application Serial Number 90,291,285 (the '285 application)
20 on October 31, 2020. *Id.* at 10; Dkt. 14-1, at 2. BMNW filed an opposition to the '285
21 application. Dkt. 14-1, at 2. Plaintiffs raise two federal claims: (1) federal trademark
22 infringement of the '591 registration, 15 U.S.C. § 1114; and (2) unfair competition based on
23 false designation of origin or sponsorship, 15 U.S.C.§ 1125. Dkt. 1, at 13–16. Plaintiffs raise four

REPORT AND RECOMMENDATION - 3

state-law claims: breach of contract; fraud; interference with a business expectancy; and conversion. *Id.* at 16–18.

After this lawsuit was filed, Ms. Cippoletti expressly abandoned the '285 application on June 30, 2021, and on that basis the Trademark Trial and Appeal Board terminated the opposition the following day. Dkt. 14-1, at 2. ABS and Ms. Cippoletti have abandoned all right, title, and interest in the mark and '285 application. *Id.* Defendants state that they used the contested mark in connection with waste cleanup services and on marketing materials in Washington during the month of January 2021. *Id.* Defendants also state that they used the mark in connection with waste cleanup services in the New England area from April/May 2019 to the end of May/early June 2021; and a stylized ABS logo appeared on uniforms and on the ABS van for a job in New England in May 2021, though the stylized ABS logo was not used thereafter. *Id.* Thus, defendants ABS and Ms. Cippoletti have ceased use of the challenged ABS mark throughout the world in any manner. *Id.* at 3.

## DISCUSSION

Defendants' move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because the lawsuit has been mooted by the voluntary cessation of any infringing activity that might give rise to a federal claim, and under Rule 12(b)(6) for lack of a plausible claim for relief based primarily on the affirmative defense of consent/acquiescence to the use of the challenged mark. Defendants are correct that plaintiffs' complaint fails to indicate that Mr. Stavros, as the president of ABS, clearly consented to the use of the ABS mark until at least August 2020, when Mr. Stavros and Ms. Cippoletti severed their business and marital relationship, and explicitly told her not to use the ABS mark in October 2020. Instead, the complaint suggests that Mr. Stavros created the ABS mark but never consented to its use even

during the period of time in which he held himself out as ABS's president. Nevertheless, the parties' subsequent submissions demonstrate that there is an issue of fact regarding when Mr. Stavros withdrew consent for ABS to use the mark; defendants admit that they used the mark for a period time and sought to register the mark before eventually abandoning the application after this lawsuit was filed; and there is an issue of fact about damages, if any, that stemmed from the use of the ABS mark.[2] The Court finds that defendants have not demonstrated that their voluntary cessation of using the challenged ABS mark has mooted the question of damages in this case and that plaintiffs should be granted leave to amend their complaint to state only the federal claims of trademark infringement and unfair competition. The Court should decline to exercise supplemental jurisdiction because the state-law claims substantially predominate over the federal claims. 28 U.S.C. § 1367(c)(2). Except as to any damages that might stem from the alleged misuse of the challenged ABS mark, the remainder of this case involves a dissolution of a business and marital relationship that is best handled by the state courts.

## I.     Rule 12(b)(1) – Mootness and Voluntary Cessation

Defendants invoke Federal Rule of Civil Procedure 12(b)(1) to challenge subject matter jurisdiction. A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A challenge to subject matter jurisdiction is a factual attack where the moving party relies on extrinsic evidence and does not assert a lack of subject matter jurisdiction solely based on the pleadings. *Safe Air for Everyone*, 373 F.3d at 1039. "In resolving a factual attack on subject matter jurisdiction, the district court may review evidence beyond the

---

[2] Plaintiffs offered to drop their federal claims "in exchange for a payment of any profits made by ABS through the use of the ABS logo," but the parties could not, due to mutual distrust, agree to the proper way to verify that amount. Dkt. 18, at 3–4; *see* Dkt. 15, at 4–5.

REPORT AND RECOMMENDATION - 5

1  complaint without converting the motion to dismiss into a motion for summary judgment." *Id.*
2  (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

3        Plaintiffs have carried their burden of establishing federal subject matter jurisdiction by
4  alleging that defendants' ABS mark infringed the BMNW federal '591 trademark registration
5  and the use of the mark during commercial ventures amounted to unfair competition based on
6  false designation of origin or sponsorship. *See generally Kokkonen v. Guardian Life Ins. Co. of*
7  *America*, 511 U.S. 375, 377 (1994). Defendants contend, however, that this case has been
8  mooted by their subsequent abandonment of the ABS '285 trademark application and of any use
9  of the challenged ABS mark. A case becomes moot, and there is no longer a case or controversy,
10 when the issues presented are no longer "live" or the parties lack a legally cognizable interest in
11 the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). A defendant cannot, however,
12 automatically moot a case simply by ending its unlawful conduct once sued. *Already, LLC v.*
13 *Nike, Inc.*, 568 U.S. 85, 91 (2013). "Otherwise, a defendant could engage in unlawful conduct,
14 stop when sued to have the case declared moot, then pick up where he left off, repeating this
15 cycle until he achieves all his unlawful ends." *Id.* By invoking the voluntary cessation doctrine,
16 defendants here face the "formidable burden of showing that it is absolutely clear the allegedly
17 wrongful behavior could not reasonably be expected to occur." *Id.*

18       There is no doubt that by abandoning the challenged '285 trademark application, ceasing
19 all use of the challenged mark, and rebranding with an entirely different mark, defendants'
20 voluntary cessation has mooted any claims for injunctive relief. Voluntary cessation has not,
21 however, mooted the question of actual damages and an accounting of profits that stem from the
22 alleged use of the ABS mark in violation of the BMNW '591 registration and by engaging in
23 unfair competition. Dkt. 1, at 20. As discussed below with respect to Rule 12(b)(6), at this stage

REPORT AND RECOMMENDATION - 6

of the proceedings the parties' admissions show that plaintiffs allege damages stemming from defendants' use of the ABS mark between October 2020 and June 2021. Moreover, a claim for an accounting of profits in a trademark infringement action is a legal claim for relief. *Dairy Queen v. Wood*, 369 U.S. 469, 477–79 (1962).

The Court recommends denying defendants' Rule 12(b)(1) motion to dismiss because the case has not been mooted by voluntary cessation. The parties still have a live and legally cognizable interest in the outcome because plaintiffs seek damages and an accounting of profits for a discrete period of time resulting from the federal trademark and unfair competition claims.

## II.   Rule 12(b)(6) – Plausibility of Federal Claims

Defendants move for Federal Rule of Civil Procedure 12(b)(6) dismissal because there are no plausible grounds for relief, primarily because Mr. Stavros consented to the use of the challenged stylized shield mark. Although defendants are correct that plaintiffs have failed to plead adequately that there necessarily was a period in which Mr. Stavros, as creator of the mark and president of ABS, consented to the use of the ABS mark, there is an issue of fact regarding whether and when such consent was withdrawn. Plaintiffs should therefore be granted leave to amend the complaint to clarify factual allegations made only in response to the motion to dismiss.

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

REPORT AND RECOMMENDATION - 7

relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

      Defendants are correct that in the complaint plaintiffs appear to allege that regardless of Mr. Stavros's active involvement in creating the challenged ABS mark and in the daily operations of ABS, defendants have been infringing BMNW's '591 trademark registration and engaging in a false designation of origin or sponsorship since the very first time ABS used the mark. *See, e.g.*, Dkt. 1, at 14 ("Defendants were actively aware of Bio Management Northwest's design plus words trademark when they began promoting their services, yet proceeded anyway to coopt the key feature of Plaintiff's biohazard symbol placed on top of a shield mark in connection with their services, thus rendering Defendants' infringement willful and deliberate."); *id.* at 15 ("Defendants have used the biohazard symbol placed on top of a shield mark . . . without authorization from Bio Management Northwest in connection with the marketing, advertising, promotion, and sale of their services" and "Defendants' actions constitute false

REPORT AND RECOMMENDATION - 8

designation of origin and false representation in connection with the sale, distribution, and related interstate commercial activity of their services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §[]1125."). It is facially implausible for plaintiffs to assert that ABS never had an implied license or permission to use the ABS mark. More plausible, however, are factual allegations made for the first time in Mr. Stavros's declaration attached in opposition to the motion to dismiss:

> 20. In early October of 2020 I told Concetta that I wanted her to stop using the ABS logo, and that she needed to rebrand the company.
> 21. I subsequently told Concetta on two separate occasions, in late November/early December of 2020 and again in early January 2021, to stop using the ABS logo. She refused.

Dkt. 19, at 5. That Mr. Stavros at some time withdrew his consent for ABS using the challenged mark is supported by uncontested aspects of the complaint and briefing: Ms. Cippoletti filed the '285 trademark application for the ABS mark in late-October 2020 and BMNW timely opposed the '285 application. Dkt. 1, at 10; Dkt. 14-1, at 2.

Acquiescence limits a party's right to bring suit following an affirmative act by word or deed by the party that conveys implied consent to another. *Seller Agency Council, Inc. v. Kennedy Center for Real Estate Education, Inc.*, 621 F.3d 981, 988 (9th Cir. 2010). The elements of a *prima facie* case of acquiescence/consent to infringement are: "(1) the senior user actively represented that it would not assert a right or a claim; (2) the delay between the active representation and assertion of the right or claim was not excusable; and (3) the delay caused the defendant undue prejudice." *Id.* at 989. Defendants are correct that plaintiffs' complaint is currently deficient because it fails to acknowledge that Mr. Stavros as ABS's president created the mark and approved of its use. That is, in the complaint, "Plaintiffs do *not* allege that Defendants failed to stop using the mark after Plaintiff's consent was allegedly withdrawn." Dkt.

REPORT AND RECOMMENDATION - 9

21, at 4. That allegation was reserved for the opposition to the motion to dismiss. Moreover, defendants are also correct that they have a plausible affirmative defense of consent/acquiescence because it is unclear whether plaintiffs ever demanded that ABS stop using the challenged mark *immediately*. Dkt. 21, at 4. But that is also the reason why this case cannot be dismissed under Rule 12(b)(6) without providing leave to amend: there is an issue of fact about whether between October 2020 and June 2021 plaintiffs withdrew consent for use of the challenged ABS mark and ABS declined to comply, instead filing an application to register the mark and continuing to use the challenged logo during 2021, resulting in damages to plaintiffs. Dkt. 14-1, at 2. While the evidence may eventually demonstrate that it was unreasonable to presume that ABS could have ceased using the challenged mark immediately, that remains a question of fact to be determined at trial.

Defendants are correct that as currently pleaded, plaintiffs' complaint is deficient. Plaintiffs should, however, be granted leave to amend to state plausible federal claims based upon their withdrawal of consent to use the challenged ABS mark and defendants' continued use of that mark for a closed period.

### III. Declining Supplemental Jurisdiction over State Law Claims

A federal court may decline to exercise supplemental jurisdiction over state-law claims if those claims substantially predominate over the federal claims over which the court has original jurisdiction. 28 U.S.C. § 1367(c)(2). Plaintiffs' state-law claims are for breach of contract; fraud; interference with a business expectancy; and conversion. Dkt. 1, at 16–18. State-law claims that implicate the division of the parties' business and marital assets substantially predominate over the federal claims for trademark infringement and unfair competition, damages for which may be substantially diminished or eliminated by the affirmative defense of consent/acquiescence to use

the challenged ABS mark. The Court should decline to exercise supplemental jurisdiction over plaintiffs' state-law claims. Plaintiffs should be granted leave to amend their complaint to omit the state-law claims from the federal lawsuit.

## CONCLUSION

The Court recommends **DENYING-in part** and **GRANTING in-part** defendants' motion to dismiss (**Dkt. 15**): (1) **DENYING** the Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction; (2) **GRANTING** the Rule 12(b)(6) motion to dismiss the federal claims and **DECLINING** to exercise supplemental jurisdiction over the state-law claims; (3) **GRANTING** plaintiffs leave to file an amended complaint within **fourteen (14) days** of the order adopting this Report and Recommendation that corrects the pleading deficiencies regarding the federal claims and omits the state-law claims; and (5) **ORDERING** the parties to file a joint status report within **twenty-one (21) days** of the order adopting this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **May 17, 2022.** The Clerk should note the matter for **May 20, 2022** as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and

REPORT AND RECOMMENDATION - 11

responses shall not exceed **eighteen (18) pages**. The failure to timely object may affect the right to appeal.

DATED this 3rd day of May, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12